Good morning your honors. Vicente Montoya for the petitioner. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, IRA IRA, imposed certain jurisdictional restrictions on the Court of Appeals regarding aliens convicted of a controlled substance. However, this court in Lafarga, V.I.N.S. 170, Fed 3, 1213, 1999, and Kalau, V.I.N.S. 133, Fed 3, 1147, 1997, has held that the court still retains jurisdiction to determine if a particular conviction is a deportable offense. Petitioner contends that his conviction for attempted under the influence of a controlled substance to THC, carboxylic acid, is not a deportable offense. This has been the basis of petitioner's appeal since he first appealed the IJ's decision to the BIA. So in this particular instance, the court retains jurisdiction to entertain this particular petition for this client. Petitioner contends that his of the Controlled Substance Act, 21 U.S.C. 802. THC and various components of THC are found at the drug schedule at 21 U.S.C. 812. However, petitioner was convicted of attempted under the influence of THC carboxylic acid, which is not found in Section 102 of the Controlled Substance Act, nor at the drug schedule at 21 U.S.C. 812. But it is defined to include any material, compound, mixture, or preparation, including salts thereof. So I'm having trouble understanding why it's not listed. Your Honor, I would only say that Congress failed to include THC, carboxylic acid, although Congress did and that is considered more manufactured THC. However, THC, carboxylic acid, is what is metabolized in the body after one has consumed marijuana. Well, that may well be the case, and it may well be that your basic argument was that your client was convicted of the wrong thing. But he was convicted of an attempt to put himself under the influence of a controlled substance, something that you actually can see. I just have a lot of trouble understanding where the argument goes. Well, your Honor, specifically under the section that he was charged for the Immigration 237, AB1 of the Immigration and Nationality Act, that particular act says that a controlled substance must be defined in 21 U.S.C. 812, and in the section 102, the substance control code. I understand that. And I guess what I'm suggesting, for the sake of getting your response, is that THC, which you agree, is on that schedule, it's on Schedule 1, and it's on, it's listed in Nevada, which was the state of Yes, but I would say, Your Honor, that THC, carboxylic acid, is not included in any of those. It is a substance that is metabolized. Those things that have been described are those things that are actually produced in terms of somebody making THC and all of these other derivatives. Well, then wasn't he convicted under the wrong statute? No, Your Honor. Or a different problem. No, Your Honor. Under the statute in Nevada, when someone is convict, when someone has pled guilty to smoking marijuana, because the substance that is found is THC, carboxylic acid, that is a test result. As a result of that, they are charged with specifically what is found inside the body, and they are not charged under the influence of marijuana. Although in layman's terms, they would be convicted under the influence of marijuana. So what has happened in the state of Nevada, it's more strictly defined in terms of the substance found within the body. And you argue that THC is a synthetic. Yes, Your Honor. THC Which is different from marijuana. Correct, Your Honor. And that what is listed are manufactured products. THC, all the other components that they have listed are manufactured products. But THC, carboxylic acid, is the byproduct of what happens in the body when it metabolizes marijuana. Do we know, how do we know that? Is that in the record somewhere? Yes, Your Honor. There was information that was presented originally to the immigration judge. It was information that was downloaded from the website about the metabolizing of marijuana. There was an attempt to introduce testimony, I believe, of a Nevada prosecutor. That is correct, Your Honor. And the immigration judge denied my motion to subpoena. Was there an offer of proof or anything like that made? The subpoena was denied. There was an offer of proof, Your Honor, that was made with that as to what the district attorney would testify to. And the district attorney had indicated to me that he would not appear without a subpoena. All right. And the purpose of his testimony was to say that when we charge someone with having used marijuana, we charge them with THC, carboxylic acid? Correct, Your Honor. I don't think we have any other questions. Would you like to reserve the rest of your time? Well, Or did you have other things you wish to say? Well, in addition, even if it is found that THC, carboxylic acid, is a controlled substance, there is the further argument that THC, carboxylic acid, falls within the marijuana 30-gram exception, so therefore that my client would not be removable under the charge of, under the act, and that this would fall within the Flores-Ariana dicta of the court, where it indicates that it would consider under the influence as also being under the 30-grams exception for marijuana. And I would contend that my client clearly falls within that belief of the court that it would be possible to consider under the influence. There is nothing further that I would wish to say, and I would reserve whatever time I have. Okay. Certainly. It's about two minutes, and we'll hear from Ms. Levings. May it please the Court. My name is Jennifer Levings, and I represent the Attorney General in this matter. First off, the government would argue that this court does lack jurisdiction over the petition for review because the The government also submits that petitioner waived any argument as to whether this was, in fact, a controlled substance by failing to raise that before the Board. Petitioner specifically conceded in his brief to the Board that he pled guilty to THC or tetrahydrocannabal, and that that is found on the drug schedules, the federal drug schedules under 21 U.S.C. 812. He also So the only challenge here is as to whether that substance falls within the de minimis exception. So petitioner has waived any argument as to whether this conviction was related to a controlled substance, and this Court should not consider that. The only argument then before this Court would be whether it is, in fact, within the de minimis exception, and the government submits that it is not within the de minimis exception. Petitioner was not convicted of possession of marijuana. He was convicted of attempted use of THC. THC is not marijuana. They're not the same thing, so he would not fall within the de minimis exception. Is there any question that he had this intoxicant in his body as a consequence of using marijuana? Yes, Your Honor, there is a question as to the immigration judge believe that his late-made statements as to the fact that he testified that he smoked a joint of marijuana. The immigration judge believed that those were self-serving. So there was not agreement that he actually smoked marijuana. Well, it is self-serving, but of course lots of testimony is self-serving. That doesn't mean you ignore it. The immigration judge said there was no reason to believe him incredible. He didn't find him incredible, but he did find, based on the circumstances of what Petitioner, what happened when Petitioner was arrested, the fact that he stripped down to his boxer shorts apparently in a grocery store and went through a plate glass window, had been using marijuana fairly consistently since he was a teenager and admitted to using it at least the week before. The immigration judge was very hesitant to believe that he only smoked one joint of marijuana. And that's the issue here as far as the de minimis exception. The immigration judge wasn't his testimony that he only smoked one joint ever, was he? No, one joint that day. Okay. And the immigration judge was skeptical as to whether one joint would cause that type of behavior. And that is the issue here as to why Congress ---- Did the government put on any proof to show that the backtrack through expert testimony, as you would with blood alcohol, to refute his statement? Did they offer any such evidence? No, Your Honor. And they weren't required to hear the government's argument about it. He testified under oath and said, I smoked a joint of marijuana. That's why this test was positive. Yes, Your Honor. And I take it the government offered nothing to contradict that. Other than the conviction documents, no. And he actually did ---- Well, the conviction documents say nothing about amount. They don't say anything about marijuana, Your Honor. They say THC, carboxylic acid, which THC, carboxylic acid, is a metabolite that does not naturally occur in the human body. It's something that can be found naturally in marijuana, hashish, or in synthetic THC. So it's not necessarily that he smoked marijuana. The problem here, that's why he was charged the way he was. He was charged with THC, with attempted use of THC, not with possession of marijuana, such that the exception would not apply here. The reason being is that it is very easy for the government to prove how much you possess. If you possess 30 grams or more, that's something that can be proven. If you've used something based on the way drugs are metabolized through the body, there is no way for the government, it's an impossible burden for the government to prove how much this person used. There's no indication he was not charged with using a specific amount. I don't know whether it's the government's burden or not. You are correct in, I suppose in arguing that it's probably the Petitioner's burden. But, you know, DUI, DWI prosecutors in city courts all across the country do this all the time. The blood alcohol reading at this point in time was X. They put on an expert witness who can backtrack and tell you with some precision how much alcohol they must have ingested, given their body size, et cetera, to reach that point. Well, your alcohol is different than marijuana and THC, the way it's metabolized through the body. And when they test for marijuana, they don't test for the actual drug. They test for the metabolites that are created by the body as a result of the use. So when you excrete the metabolite, the THC carboxylic acid, it presupposes that you've actually used either marijuana, hashish, or some sort of THC synthetic. And that's what he was charged with because – and that's what he pled to as well. He did plead guilty to attempted use of THC. And that's consistent with his testimony that he smoked a joint of marijuana, right? Which the judge found self-serving and did not – the judge did not believe that he smoked one joint. That was very clear from the judge's detailed discussion and detailed oral decision on the record. But is that consistent – Go ahead. Is there anything in the record that indicates how many joints you can make out of 30 grams of marijuana? No, Your Honor. I – out of 30 grams of marijuana, it would be as – I think there is a little – there may be a little discussion as to it would be a personal use if it was 30 grams. Thirty grams of THC itself would be much more. At the time, did Nevada define THC as synthetic? I believe so, yes. So when you're charged with the THC, you're charged with the synthetic. It could be the synthetic. It could be marijuana. It could be hashish. That's why they have – both marijuana – both the Nevada statutes and the Federal – the Nevada statutes track the Federal statute, the drug schedules. Both list THC separately as a separate controlled substance from marijuana. But synthetic? Yes, Your Honor. It can be a – it could be – he could have either ingested hashish, marijuana, or the synthetic. No, but he is charged with THC. And THC at the time was defined as being synthetic. Right? I believe under the Nevada statute, I would have to double-check whether it was just hashish. If that's correct, then it cannot have been for marijuana. Right, Your Honor. And the government would submit that that's exactly why – I mean, when he pled guilty to THC, carboxylic acid, he was not pleading guilty to attempted use of marijuana, which is why the de minimis exception does not apply in this case. And again, he did waive any argument as to whether this was in fact a controlled substance by admitting to the Board on appeal that it was a conviction related to a controlled substance. Thus, the Board did not consider his new argument that it was not related to a controlled substance. Okay. I was looking for the place where the immigration judge says that he doesn't believe it could have just been one, and I'm having trouble finding it in the immigration judge's decision. He does say that he had taken off most of his clothing and walked through a window, that he was upset, and he's manic, depressive, and he's upset because his former spouse wouldn't let him see the son. I don't know where he says that he must have had more than one joint. Your Honor, I don't believe he says he must have had more than one joint. What he says several times is that it's self-serving testimony, which indicates that he's not – he's taking it for what it's worth. You come in – petitioner comes in approximately 18 months later after pleading guilty, after all this has happened, after being unable to get his conviction expunged by the State of Nevada and he was given a considerable continuance to allow him to at least try to get it expunged. He was unable to do that. And then he comes in with an affidavit and then is allowed to testify at trial as to the contents of that affidavit saying it was just one joint of marijuana, which the judge found self-serving because the whole context of that testimony was to get him within the de minimis exception. So he made it – the immigration judge made it clear that he was not convinced that that is what petitioner did. And in fact, petitioner pled guilty to using THC, carboxylic acid, not to using marijuana. Did – at the IJ hearing, did the government argue that this THC that he tested positive for came by virtue of using a synthetic? Or did they take the position that he had used marijuana? The government did not take the position he used marijuana, Your Honor. They took the position that it was THC, which is a separate – separately listed controlled substance from marijuana on both the drug schedules, both the State and the Federal schedule. I'm looking at the page 11 of the transcript of January 12, 1999. It's Bates stamped quadruple zero 50. It's page 12. Would you like me to? Yeah. If you don't mind. Which page is it again, Your Honor? It's page – excuse me, page 11. Of the actual transcript? This is the – I think the ruling where the IJ goes through and summarizes the testimony that was given. And that was at the last hearing, the January 12 hearing? Yes. It's dated – my copy in the lower right-hand corner says January 12, 1999, page 11. Looks like it's 50 in the record. Yes, it's – 50 in the record? Yes. And, Your Honor, where were you talking about where he summarized? At the last full paragraph, which starts counsel for the service, in rebuttal argued that there is a distinction between being under the influence of a controlled substance and being in possession of it. I'm not seeing that on page 50. It's page – it's my page 50. It's page 11 of the transcript. We can – we can look. I just – Your Honor, could you give me your – what was your – I'm not understanding what your issue there was. I mean, that's the Flory's – response to the Flory's argument, isn't it, that use is different from possession? Yes, Your Honor. Use – and that was argued – that was argued extensively at trial as to whether use and possession were the same thing. And the government was arguing they are not the same. An attempted use is not the same as possession. And Congress specifically made the exception for possession. And that is – that is not ambiguous on the face of the statute. And that is what the immigration judge also found. You know, it doesn't strike you as odd that there's an exception for possession of up to 30 grams of marijuana for personal use. But then if you use it, you can be thrown out of the country. Well, Your Honor, I think that there's public policy issues for other – you know, other areas. Possession of a firearm versus use of a firearm.  I mean, the exception is up to 30 grams of marijuana for – Possession. For possession of – Not for use. And Congress was very specific as to saying possession. But what does the exception say? The exception says up to 30. The exception specifically says other than for – other than a single offense  Now, does that mean you're going to use it for scrubbing the floor? Or does it mean you're going to ingest it? Well, it would most likely mean that for your own use that you're going to ingest it. But the key is possession for one's own use, not use of. It's possession for one's own use, which is very different. I just can't imagine what the public policy is. It's okay to possess this for your personal use. But if you use it, we won't permit you to be within the – I'll analogize it to possession of a firearm versus using a firearm. I mean, having a firearm and carrying it around is one thing. Actually, using the firearm is completely different. Here, having a small amount of marijuana on you is different than actually ingesting it, especially at small amounts. Look at the consequences of what happened here, where he actually ingested it. He took off his clothes in a supermarket and went through a plate glass window. If he just had it in his pocket, that's another thing. The other issue is there needs to be judicially – He had a history of mental illness, didn't he? I'm sorry? Did he have a history of mental illness? I believe that was the testimony, yes, Your Honor. Like for 10 years? Yes, Your Honor. And he was despondent? And a history of drug abuse as well. And he was despondent? That's what he testified to. The other thing is there needs to be judicially manageable standards, and that's why Congress determined that the possession would be the exception. It is not judicially manageable to measure the amount that somebody has used based on – you have to look at various factors, the time between the ingestion and the testing, the type of testing, body weight, what your metabolism is. It would be an unreasonable burden for the government to have to prove in every case where somebody used marijuana, hashish, or the synthetic, that they actually used more than 30 grams. Well, you could stop pursuing people for having used marijuana, I suppose, and not worry about the amount. They could do that, Your Honor, but they haven't. And here the statute is very clear on its face. It is not ambiguous at all. It says possession, not use. And Congress could have very easily included use in that exception. All right. Thank you. Thank you. Ms. Montoya. Yes. I wish to address the use with respect to marijuana. What I would like to point out is that had this been charged under the influence of marijuana, we would not even be in this court because the trial attorney would not have gone forward with any kind of removable offense. They would have conceded that this would have gone under the 30 grams exception, and you will see that within the original arguments that were before a different judge and when that judge raised the issue of whether or not marijuana and THC is a derivative of marijuana and whether or not this particular individual would even be removable. This was the issue that was initially put forward by the first immigration judge in this matter because had it been pled as marijuana, there would be no charge. And it's the same instance where the immigration has an offense and the charge is for possession of marijuana and it does not indicate an amount. The immigration is unable to go forward because they're not able to sustain their burden of proving that it is 30 grams or less. So they do not go forward in those instances. And that would be the same situation in this particular case. So the whole issue of how much do we judge that the person has ingested is really a red herring. If someone is found with being under the influence, the amount that is discovered is minuscule. The standards that they have finally come up with in Nevada post this decision are nanograms, almost impossible to even be considered within the 30 grams of marijuana. The amount that you need to ingest in order to have the influence can be a very small amount. And 30 grams of marijuana, you're talking about a lot of marijuana that can be smoked at one particular time. And actually there has been no testimony as to that. But I think that those are red herrings. And I believe that what the justice has indicated of it does not seem to be logical that you would have a 30 gram exception for personal use and that when you engage in personal use that you are now removable. It just does not make sense. And I believe that this attorney has been misleading with respect to Nevada law and THC, carboxylic acid, is not synthetic. And there is nothing in this particular... It's only listed in Nevada as a synthetic. It is not pled that way. The statute does not read synthetic with regard to this particular conviction, Your Honor. I want to tell you, if it is defined in Nevada as synthetic and you charge THC, carboxylic, whatever it is, acid... Your Honor, she has not shown that it is actually designated synthetic in Nevada. That has been a representation that she has made, but it has not been established. And it has not been established with regard to this. But, Your Honor, it has not been established with regard to this specific statute that my client has been charged and convicted of. It specifically says, under the influence of a controlled substance, and the substance is THC, carboxylic acid, that is not a synthetic. It's a metabolite. And the attorney has indicated it's from ingestion. In her very testimony now, before the court, from ingesting marijuana. And it just seems highly illogical that my client, from using marijuana, should now be removable when there is an exception. It's the only exception that exists in immigration law with regard to drugs. Ms. Montoya, both of you well exceeded your time into equal amounts, so I think if you'll draw your argument to a close. Yes, Your Honor. Your Honor, I believe that my client has not fallen within the controlled substance definition. And even if he has fallen within the controlled substance definition for the charge, that he falls within the 30-gram exception. And this is from personal use that is allowable per the statute, and that, as a result, my client is not removable under 237A.B.1 of the Immigration and Nationality Act. All right. Thank you, Ms. Montoya and Ms. Lovings. The matter just argued will be submitted to court. Thank you, Your Honor. All rise. The court for this section now stands adjourned.
judges: Canby, Rymer, Hawkins